**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10433 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01509-FJM-7 |
| v. | |
| MARIO BENITEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 5, 2012[**]
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Defendant-Appellant Mario Benitez appeals his conviction and sentence. He

was convicted of conspiracy to possess with intent to distribute controlled

substances in violation of 21 U.S.C. § 846, conspiracy to import controlled

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substances in violation of 21 U.S.C. § 963, and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). The United States Supreme Court has held that sufficiency of evidence in a criminal case is tested by asking whether a rational jury could find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). Here, because there was not sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Defendant was guilty of conspiracy to import drugs, we vacate that conviction and the sentence imposed on that count. However, Defendant's conviction for conspiracy to distribute drugs is not affected by that conclusion, nor is his conviction for possession with intent to distribute. Moreover, we affirm the district court's decision that Defendant was not entitled to a mitigating role reduction. And we conclude that there was no error in the district court's comments at sentencing.

Defendant contends first that there was insufficient evidence that he was guilty of conspiracy to import drugs. There is sufficient evidence to support Defendant's conviction for participation in that conspiracy if the government proves, beyond a reasonable doubt, "even a slight connection" between Defendant and the conspiracy. *See United States v. Alvarez*, 358 F.3d 1194, 1201 (9th Cir.

2004). "However, the connection to the conspiracy must be shown to be 'knowledgeable;' that is, the government must prove beyond a reasonable doubt that the defendant knew of his connection to the *charged* conspiracy." *United States v. Meyers*, 847 F.2d 1408, 1413 (9th Cir. 1988) (internal quotation marks and citations omitted). Here, the evidence shows two conspiracies. The government proved Defendant was involved in a conspiracy to distribute drugs—and Defendant does not contest that conviction. But the government has not met its burden in showing that Defendant knew of his connection to the second conspiracy to import the drugs. The problem is simply that there was not sufficient evidence presented showing that Defendant knew that the drugs being purchased had been imported by the supplier with whom he conspired. All of Defendant's actions could have merely shown conspiracy to distribute drugs, and could have been the same if Zazueta-Miranda had not imported the drugs but had bought them first from another person who was the importer. For example, Defendant was not at the shop when a Jeep with Mexican license plates arrived and unloaded the drugs. There was not evidence from which a rational jury could conclude beyond a reasonable doubt that Defendant personally knew that the drugs being distributed had been imported by his immediate supplier. And the government did not present any evidence that Defendant knew the drugs he tested, weighed, and repackaged

had just recently been transported into the country.  We conclude that there was not sufficient evidence that Defendant conspired to import drugs, and we vacate his conviction and sentence on that charge and remand for further proceedings consistent with this disposition.[1]

Defendant next contends that he was entitled to a mitigating role reduction under United States Sentencing Guidelines Manual § 3B1.2 (2010).  To be eligible for a mitigating role reduction, Defendant bore the burden of showing by a preponderance of evidence that he is "substantially less culpable than the average participant."  U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.3(A); *see United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006).  Defendant contends that he was merely a follower and thus was substantially less culpable than his codefendants.  But we have previously rejected similar arguments.  *See, e.g.*, *United States v. Sanchez*, 908 F.2d 1443, 1449–50 (9th Cir. 1990).  The evidence at trial showed that Defendant was present for six or seven cocaine purchases, and at least two of these purchases involved more than ten kilograms of cocaine.  *See*

---

[1] We note, however, that because Defendant is currently serving concurrent sentences on the other convictions arising out of his trial that are unaffected by this disposition, there may not be effect on Defendant's sentence in this case. However, the question of appropriate sentence on the charges of conviction that were not challenged is for the district court to decide in the first instance on remand.

*United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192–93 (9th Cir. 2011) (holding that a defendant entrusted with a large quantity of cocaine was not a minor participant). Defendant assisted his sister by maintaining the stash house; opening and closing entrances; and helping test, weigh, and repackage the cocaine. *See United States v. Rexford*, 903 F.2d 1280, 1282–83 (9th Cir. 1990) (holding that a defendant was not a minor participant in drug smuggling operation when he packaged fifteen pounds of marijuana). Defendant also engaged in countersurveillance in the neighborhood around the stash house. And, after the stash house was compromised, Defendant was responsible for clearing the house out. The evidence showed that Defendant was sufficiently involved in the drug-trafficking operation such that he cannot be considered a minor participant. That Defendant's sister had a greater role than he does not entitle him automatically to a minor or minimal participant status. He received no leadership role enhancement. But the district court did not clearly err in denying the mitigating role reduction.

Finally, Defendant contends that the district court committed plain error and violated his due-process rights at sentencing by commenting on his status as a naturalized citizen. Defendant did not object at sentencing, so we review his sentencing for plain error. *United States v. Burgum*, 633 F.3d 810, 814–16 (9th Cir. 2011). We perceive no error, plain or otherwise. The district court's comment

was in the nature of an observation that Defendant had studied the rule of law as part of the naturalization process but unfortunately had devoted himself to a criminal scheme. The district court based Defendant's sentence on the nature of his crime and did not violate United States Sentencing Guidelines Manual § 5H1.10 or Defendant's due-process rights. Even assuming, *arguendo*, that naturalized status is embraced by "national origin" under § 5H1.10, a district court violates due process only if the court enhances the defendant's sentence because of impermissible factors. *See Burgum*, 633 F.3d at 814–16; *see also United States v. Borrero-Isaza*, 887 F.2d 1349, 1352–55 (9th Cir. 1989). That did not occur here. The district court did not base Defendant's sentence on his naturalized status. Rather, Defendant's sentence was based on his violation of the law and the factors in 18 U.S.C. § 3553(a).

Because this is a mixed judgment, each party will bear its own costs.

**VACATED and REMANDED in part; AFFIRMED in part**.