+Corrected October 2, 2015

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10171 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01509-NVW-7(FJM) |
| v. |  |
| MARIO BENITEZ, | MEMORANDUM* |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Arizona
+Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Mario Benitez appeals his 144-month sentence, imposed following his

conviction for possession with intent to distribute a controlled substance (21

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)) and conspiracy to possess a controlled substance with intent to distribute (21 U.S.C. § 846).[1] We affirm.

First, Benitez argues that the district court committed procedural error at sentencing when, he contends, it failed to respond to his specific, non-frivolous § 3553(a)[2] arguments for a shorter sentence. Specifically, he argues that the district court did not adequately address his arguments 1) that the minimum sentence of 120 months was sufficient to address sentencing goals, and 2) that he was significantly less culpable than his co-defendants. Although a "judge will normally . . . explain why he has rejected [§ 3553(a)] arguments," *Rita v. United States*, 551 U.S. 338, 339 (2007), a "district court is not required to provide a detailed explanation as to each of its reasons for rejecting every argument made by counsel," *United States v. Ruiz-Apolonio*, 657 F.3d 907, 919-20 (9th Cir. 2011). An explanation is sufficient when a district court "reviewed all the relevant

_____

[1] Benitez was also convicted of conspiracy to import controlled substances (21 U.S.C. § 963). The district court sentenced him to 144 months imprisonment for the three convictions. Benitez appealed, and this court vacated the conspiracy to import controlled substances conviction for lack of evidence. *United States v. Benitez*, 500 F. App'x 660, 662-63 (9th Cir. 2012). On remand, the district court imposed the same 144-month sentence for the remaining two convictions as it had for all three convictions.

[2] 18 U.S.C. § 3553(a) provides a list of factors to be considered in imposing a sentence, including "the need to avoid unwarranted sentence disparities among defendants."

submitted materials, correctly calculated the applicable range using the Guidelines in effect at the time of sentencing, and thoroughly explained its reasons for imposing the sentence of imprisonment it did." *Id.* At Benitez's first sentencing hearing, the district court addressed both of Benitez's arguments directly. At the resentencing hearing, the district court explicitly incorporated its reasoning from Benitez's first sentencing hearing. These explanations were sufficient.

Second, Benitez argues that the district court erred in assigning him a base offense level of 36 because there was insufficient evidence to attribute to him at least 50 kg of cocaine.[3] For sentencing purposes, the government "is required to prove the approximate quantity [of a controlled substance] by a preponderance of the evidence." *United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002) (internal quotations and citations omitted). Here, a witness testified 1) that he purchased drugs from Benitez's organization on six or seven occasions; 2) that he once bought 20 kg of cocaine from the organization and; 3) that when traveling

---

[3] The government maintains that Benitez has waived this argument, arguing that the drug calculation was the same for the initial sentencing and resentencing, and that "[w]hen a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter," *United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998). We need not decide whether Benitez has waived this argument as we hold that there was sufficient evidence to attribute to him at least 50 kg of cocaine.

from Florida to California to purchase cocaine, he usually carried enough cash with him to purchase approximately 10 kg worth. In addition, on one occasion the witness was arrested with approximately 11 kg of cocaine after buying from the organization. This evidence suffices to attribute at least 50 kg of cocaine to Benitez.[4]

Third, Benitez argues that his sentence is substantively unreasonable. "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009). Sentences falling within the Guidelines "will normally not be found unreasonable on appeal." *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). Here, Benitez's 144-month sentence is substantially lower than the 188-235 month range provided under the Sentencing Guidelines for a base 36 level offense. *See* U.S.S.G. Ch.5, Pt. A. Despite this, Benitez raises two arguments relative to the sentence's substantive reasonableness. First, he argues that his sentence is unreasonable in light of his culpability relative to his co-defendants. Second, he argues that his sentence is unreasonable in light

---

[4] Benitez also argues that the two pre-sentence reports committed various errors in attributing 50.3 grams of crack cocaine to him. Even if Benitez is right, these alleged errors are harmless, as Benitez's base offense level is still 36 whether one attributes 50.3 or zero grams of crack cocaine to him.

of Amendment 782, an amendment passed after Benitez's resentencing that reduced the base offense level by two for most drug offenses.

As for the first argument, comparing Benitez's sentence to his co-defendants does not demonstrate that his sentence is unreasonable. The defendants Benitez cites in his briefs either accepted responsibility, pled guilty, or pled guilty and cooperated with the government in testifying against Benitez. For these reasons, they received sentences shorter than Benitez, who did none of these things.

As for the second argument, Benitez concedes that "the court shall use the Guidelines Manual in effect on the date that the defendant is sentenced," U.S.S.G. §1B1.11(a), and that the amendment will not actually apply to him even though it is retroactive.[5] His argument is that this amendment proves that the Sentencing Commission now "agrees" that the district court's starting point for calculating his sentence was "unreasonably high." Even if the Commission's decision could be interpreted in this way, however, the sentence would *still* be lower than the amended range of 151 to 188 months for the offenses, indicating that, in the

---

[5] Courts cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. U.S.S.G. § 1B1.10(b)(2)(A). If Benitez were to get the reduction provided for by the amendment, his base offense level would be reduced to 34, which provides a sentencing range of 151-188 months. U.S.S.G. Ch.5, Pt. A. Benitez's current sentence is thus still lower than what the amended Guidelines range would recommend, making him ineligible for a retroactive reduction.

Commission's opinion, the sentence would still be reasonable. It is true that several of Benitez's co-defendants are likely eligible to apply for relief under Amendment 782. Benitez argues that we should remand so that, in the event that the district court reduces his co-defendants' sentences, it can reduce his as well. Because this argument rests on a speculative premise until the district court does in fact reduce the sentences of Benitez's co-defendants, there is no present basis for a remand. We note, however, that because the district court imposed an "overall structure of the sentences" that situated the various defendants in relation to each other based on relative culpability, any reduction in Benitez's co-defendants' sentences may call Benitez's sentence into question. Because we do not address this issue, nothing in this disposition therefore shall prevent Benitez from applying for and receiving a retroactive reduction in sentence, should there otherwise be a permissible legal basis therefor.

Fourth, Benitez argues that the district court violated Federal Rule of Criminal Procedure 32 during resentencing. Rule 32 requires a sentencing court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to that report." Fed. R. Crim. P. 32(i)(1)(a). The district court did violate Rule 32 when it proceeded with the resentencing hearing despite defense counsel's definitive statement that Benitez had not read

6

that presentence report. This error was harmless, however, because Benitez cannot point to any prejudice he suffered as a result. *See United States v. Sustaita*, 1 F.3d 950, 954 (9th Cir. 1993) (to establish prejudice in this context, a defendant must identify "the facts that [he] would have disputed had he been given the opportunity"). Benitez's argument that he would have challenged the report's conclusion that he was not eligible for an acceptance of responsibility reduction is undermined by the fact that Benitez did not attempt to accept responsibility in his colloquy with the district court at either sentencing hearing.

Fifth, Benitez argues that the district court did not obtain a knowing, intelligent and voluntary waiver of his right to be present at the resentencing hearing. Two months prior to the resentencing, defense counsel filed a motion for Benitez to appear by telephone. At the hearing, Benitez appeared via telephone and had the assistance of a translator. The district court informed Benitez of his right to be present and asked Benitez and his attorney whether he wished to be present. Only after both replied in the negative did the district court conclude that Benitez had waived his right to be present. Because nothing suggests that the defendant's waiver was anything other than knowing, intelligent, and voluntary, the district court did not err.

Accordingly, the judgment of the district court is **AFFIRMED**.