UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10171 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01509-NVW-7 District of Arizona, Phoenix |
| v. | |
| MARIO BENITEZ, | |
| Defendant - Appellant. | ORDER |

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Appellant Benitez's petition for panel rehearing is GRANTED. The memorandum disposition filed October 2, 2015 is withdrawn and replaced by the memorandum disposition filed contemporaneously with this order.

The pending petition for rehearing en banc is now moot. The parties may file additional petitions for panel rehearing or rehearing en banc.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MARIO BENITEZ,

        Defendant - Appellant.

No. 13-10171

D.C. No. 2:09-cr-01509-NVW-7

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Mario Benitez appeals his 144-month sentence, imposed following his

convictions for possession with intent to distribute a controlled substance (21

U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)) and conspiracy to possess a controlled

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

substance with intent to distribute (21 U.S.C. § 846).[1] We vacate the sentence and remand in light of the recent sentence reduction of Benitez's co-defendant Marcela Benitez-Salcido.

At the resentencing, the district court varied Benitez's sentence downward because it considered him to be substantially less culpable than Benitez-Salcido. Recently, the district court reduced Benitez-Salcido's sentence pursuant to Amendment 782[2] and, in response to our inquiry, stated that it "welcomes the opportunity to" revisit Benitez's sentence to consider whether that reduction created an unreasonable disparity between the two sentences. In light of the district court's statement, we vacate the sentence and remand for resentencing on an open record.

Benitez also raises various other challenges to his sentence. Because we vacate and remand, we need not reach the majority of these arguments. For the

---

[1] Benitez was also convicted of conspiracy to import controlled substances (21 U.S.C. § 963). The district court sentenced him to 144 months imprisonment for the three convictions. Benitez appealed, and this court vacated the conspiracy to import controlled substances conviction for lack of evidence. *United States v. Benitez*, 500 F. App'x 660, 662-63 (9th Cir. 2012). On remand, the district court imposed the same 144-month sentence for the remaining two convictions as it had for all three convictions.

[2] Amendment 782 reduced by two the base offense level for certain drug crimes. United States Sentencing Commission, Guidelines Manual, supp. app'x. C, amend 782 (2014).

benefit of the district court, however, we address Benitez's argument that the district court erred in assigning him a base offense level of 36 because there was insufficient evidence to attribute to him at least 50 kg of cocaine. For sentencing purposes, the government "is required to prove the approximate quantity [of a controlled substance] by a preponderance of the evidence." *United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002) (internal quotations and citations omitted). Here, a witness testified 1) that he purchased drugs from Benitez's organization on six or seven occasions; 2) that he once bought 20 kg of cocaine from the organization and; 3) that when traveling from Florida to California to purchase cocaine, he usually carried enough cash with him to purchase approximately 10 kg worth. In addition, on one occasion the witness was arrested with approximately 11 kg of cocaine after buying from the organization. This evidence suffices to attribute at least 50 kg of cocaine to Benitez.[3]

The sentence is **VACATED** and the case **REMANDED** for resentencing.

---

[3] Benitez also argues that the two pre-sentence reports committed various errors in attributing 50.3 grams of crack cocaine to him. Even if Benitez is right, these alleged errors are harmless, as Benitez's base offense level is still 36 whether one attributes to him 50.3 or zero grams of crack cocaine.